IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HELEN F. MASSIE,<br>    Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT<br>CO. d/b/a CNA Group Life Assurance<br>Co.,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-09-2264 |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss ("Motion") [Doc. # 4] filed by Defendant Hartford Life and Accident Co. d/b/a CNA Group Life Assurance Co. ("Hartford"), seeking dismissal of Plaintiff's extra-contractual claims. Plaintiff neither filed an opposition to the Motion nor requested additional time to do so.[1] Having reviewed the record and applied the governing legal authorities, the Court **grants** the Motion.

Plaintiff filed this lawsuit in state court, seeking long term disability benefits under a disability insurance plan provided by Hartford through Plaintiff's employer. In addition to her claim for benefits, Plaintiff included extra-contractual claims under

---

[1]  Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4.

the Texas Deceptive Trade Practices Act ("DTPA") and Chapter 541 of the Texas Insurance Code.

Defendant filed its Motion, seeking dismissal of the extra-contractual claims as barred by the applicable statute of limitations. If it is clear from the pleadings that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). The statutes of limitations for claims under the DTPA and Chapter 541 are two years. *See* Tex. Bus. & Comm Code § 17.565; *KPMG Peat Marwick v. Harrison Cty. Houston Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999) (DTPA); Tex. Ins. Code § 541.162; *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 517 (Tex. 1998) (Insurance Code). The mere filing of a lawsuit does not comply with the statute of limitations unless the plaintiff exercises due diligence in serving the defendant. *See Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). Once the defendant shows that it was served after the limitations period expired, the burden shifts to the plaintiff "to explain the delay." *Id.* at 216 (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)).

In this case, Plaintiff alleges in her Complaint that Hartford issued its final denial of her claim for disability benefits on December 20, 2006. Consequently, the statutes of limitations for her extra-contractual claims expired on December 20, 2008.

Plaintiff filed her lawsuit in Texas state court on October 17, 2008, prior to the expiration of the statutes of limitations. She did not, however, serve Hartford until June 25, 2009, more than eight months after she filed her lawsuit and more than six months after the limitations period ended. In response to the state judge's May 7, 2009 Notice of Intent to Dismiss, Plaintiff's counsel admitted that she did not even attempt service on Defendant until she received the state court's Notice that the case was going to be dismissed for want of prosecution. *See* Motion to Retain, attached to Notice of Removal [Doc. # 1], p.2.

Plaintiff has filed no opposition to Defendant's Motion to Dismiss, has not offered any explanation for the delay, and has not explained how a delay of more than eight months to serve Hartford constitutes due diligence. Texas courts have held that claims were barred by the applicable statute of limitations as a matter of law in cases involving shorter delays than eight months where, as here, the defendant was a corporation with a registered agent and there was no attempt to evade service. *See, e.g., Gabriles v. Sam's East, Inc.*, 2009 WL 1493001, *2 (Tex. App. -- Houston [1st Dist.] 2009) (three months); *Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 621-22 (Tex. App. -- Corpus Christi, 2000, review denied) (two months); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 734 (Tex. App. -- Dallas 2000, pet. denied) (three months).

Defendant has shown that Plaintiff did not effect service until more than eight months after filing the lawsuit and more than six months after the statutes of limitations expired.  Plaintiff has not offered any reason for the delay and has not shown that she exercised due diligence in serving Defendant.  As a result, the service on June 25, 2009, does not relate back to the date the Complaint was filed in state court, and Plaintiff's extra-contractual claims are time-barred.  It is, therefore,

**ORDERED** that the Defendant's Motion to Dismiss [Doc. # 4] is **GRANTED** and Plaintiff's claims under the Texas DTPA and the Texas Insurance Code are **DISMISSED WITH PREJUDICE** as time-barred.

SIGNED at Houston, Texas, this 11th day of **September, 2009.**

_____
Nancy F. Atlas
United States District Judge