UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HELEN F. MASSIE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2264 |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| CO. d/b/a CNA Group Life Assurance | § | |
| Co., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 15] filed by Defendant Hartford Life and Accident Company d/b/a CNA Group Life Assurance Co. ("Hartford"). Plaintiff has neither filed any opposition to the Motion nor requested additional time to do so. The deadline to respond to Hartford's Motion, which was filed on May 12, 2010, has now expired.[1] *See* S.D. LOC. R. 7.3 & 7.4 (response to an opposed motion is due 21 days after the motion is filed). Having reviewed the record and applied the governing legal authorities, the Court **grants** the Motion.

---

[1]     Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4.

## I.     BACKGROUND

This case arises from Hartford's denial of Plaintiff's claim for benefits under a long-term disability group insurance policy (the "Policy") provided through Plaintiff's employer. Asserting that she was suffering from various disabilities, including seizures and dizziness, relating to a brain surgery she underwent in 1990, Plaintiff filed a claim for benefits under the Policy in June, 2006. Hartford issued a final denial of Plaintiff's claim in December, 2006.

On October 8, 2008, Plaintiff filed this lawsuit in Harris County, Texas court. Plaintiff brought claims for breach of insurance contract and for violations of the Texas Insurance Code, *see* TEX. INS. CODE § 541.001 *et seq.*, and the Texas Deceptive Trade Practices — Consumer Protection Act, *see* TEX. BUS. & COM. CODE § 17.46 *et seq.* ("DPTA"). Defendant removed the action to federal court on July 16, 2009. Subsequent to removal, the Defendant moved to dismiss Plaintiff's extra-contractual claims as time-barred. *See* Motion to Dismiss [Doc. # 4]. The Court granted the Motion, and Plaintiff's extra-contractual claims were dismissed. *See* Memorandum and Order [Doc. # 6]. Hartford now moves for summary judgment on Plaintiff's sole remaining claim, that is that Hartford breached the terms of the Policy, the parties' contract.[2]

---

[2]     The Employee Retirement Income Security Act ("ERISA") does not apply to this case
(continued...)

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving

---

2    (...continued)
because Plaintiff's employer, the University of Texas System, is a governmental entity. *See* 29 U.S.C. § 1003(b)(1); *Bigelow v. United Healthcare of Mississippi, Inc.,* 220 F.3d 339, 344 & n.9 (5th Cir. 2000).

party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Chaney v. Dreyfus Service Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413). Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence.

*See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud." (citation omitted)).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

### III. ANALYSIS

Hartford moves for summary judgment on Plaintiff's breach of contract claim on the ground that Plaintiff has admitted she is not disabled under the terms of the Policy, and thus is not entitled to benefits as a matter of law. Under the policy, an insured is "disabled" and thus entitled to long-term disability benefits only if "during the *Elimination Period* and the following 24 months, *injury or sickness* causes

physical or mental impairment to such a degree of severity that [the insured is]: 1) continuously unable to perform the *Material and Substantial Duties of* [the insured's] *Regular Occupation*; and 2) not *Gainfully Employed*."[3] The same requirements apply to qualify as "disabled" after long term disability benefits have been payable for 24 months, except that the insured must be "continuously unable to engage in any occupation for which [the insured is] or become[s] qualified by education, training and experience." *Id.* The "Elimination Period" begins on the day the insured becomes disabled, and is defined as a "period of continuous *Disability* which must be satisfied before [the insured is] eligible to receive benefits . . . ."[4] "Material and Substantial Duties" are defined under the Policy as the "necessary functions of [the insured's] *Regular Occupation* which cannot be reasonably omitted or altered."[5]

On March 11, 2010, Hartford served by certified mail on Plaintiff's attorney of record Hartford's Discovery Requests to Plaintiff ("Discovery Requests").[6] The signed return receipt indicates that Plaintiff's counsel received the Discovery Requests

---

[3]    Certificate of Insurance, Exh. A-1 to Motion [Doc. # 15-3], at 5-6 (emphasis in the original).

[4]    *Id.* at 6 (emphasis in the original).

[5]    *Id.* at 20 (emphasis in the original).

[6]    *See* Defendant's Discovery Requests to Plaintiff, Exh. B to Motion [Doc. # 15-4].

on March 18, 2010.[7] Plaintiff's responses to the Requests for Admission were due 30 days after service was received, April 19, 2010. *See* FED. R. CIV. P. 36(a)(3). As of the date of this Memorandum and Order, Plaintiff has not filed any response to Defendant's Discovery Requests, including the Requests for Admission.

Under Federal Rule of Civil Procedure 36, "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *Id.* "A matter admitted" under Rule 36, in turn, "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b); *In re Carney*, 258 F.3d 415, 420-422 (5th Cir. 2001) ("Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted. . . ."). Thus, Plaintiff is deemed to have admitted all matters for which Defendant sought requests for admission.[8] To the extent that an admission vitiates an essential element of a cause of action, Hartford is entitled to summary judgment dismissing that claim. *See, e.g.*, *In re Carney*, 258 F.3d at 420-22 (affirming the grant of summary judgment based on a party's default admissions under Rule 36).

---

[7]     *Id.* at 10.

[8]     In addition to failing to respond to the instant Motion, Plaintiff has not moved to withdraw any Rule 36 admissions in this case.

Hartford's Discovery Requests included numerous Requests for Admission that Plaintiff at pertinent times was not, and now is not, disabled under the terms of the Policy. For example, Hartford requested an admission that, on the date Plaintiff contended she became disabled, "any physical or mental impairment [claimed by Plaintiff] was not severe enough to prevent [Plaintiff] from performing the Material and Substantial Duties of [her] Regular Occupation."[9] Hartford requested the same admission with regard to Plaintiff's "present physical or mental impairment."[10] Hartford also requested that Plaintiff admit that "on at least one occasion within the 24 months after . . . the Elimination Period . . . [Plaintiff was] able to perform the Material and Substantial Duties of her Regular Occupation," and that "at present any physical or mental impairment is not severe enough to prevent [Plaintiff] from performing the Material and Substantial Duties of an occupation that [Plaintiff is] qualified to engage in by education, training, or experience."[11] Finally, Hartford simply requested that Plaintiff admit she is "not disabled under the Policy."[12]

Because Plaintiff is deemed to have admitted to all of the requested matters, Hartford has conclusively established that Plaintiff is not disabled under the terms of

---

[9] Discovery Requests, at 6.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 7.

the Policy set forth above. *See* FED. R. CIV. P. 36(a)(3), (b); *In re Carney*, 258 F.3d at 420-22. Accordingly, Hartford has demonstrated as a matter of law that Plaintiff is not entitled to long-term disability benefits under the Policy. *See Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, 600 F.3d 562, 569 (5th Cir. 2010) (under Texas law, an unambiguous insurance policy must be enforced as written). Hartford's Motion for Summary Judgment on Plaintiff's breach of contract claim is therefore **granted**.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Defendant's Motion for Summary Judgment [Doc. # 15] is **GRANTED**.

A separate final judgment will issue.

SIGNED at Houston, Texas, this 11th day of **June, 2010.**

_____
Nancy F. Atlas
United States District Judge